IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LUANN BROWDER | * | |
|     Plaintiff, | | |
|     v. | * | Civil No. L-06-336 |
| MARIAN R. OTA, | * | |
|     Defendant. | | |
| | * | |
| ********************************* | | |
| LUANN BROWDER | * | |
|     Plaintiff, | | |
|     v. | * | Civil No. L-06-1011 |
| MARIAN R. OTA, | * | |
|     Defendant. | | |
| | * | |

**MEMORANDUM**

In these cases, which the Court consolidated, plaintiff Luann Browder ("Browder") challenges two Notices of Determination that the Internal Revenue Service ("IRS") Office of Appeals issued to her incident to a planned levy on her property. Under a recent amendment to the tax laws, any challenge to a Notice of Determination issued on or after October 17, 2006 must be filed with the Tax Court.[1] Before the amendment, jurisdiction was divided between the Tax Court and the federal District Courts depending on the type of tax at issue.

The instant case is governed by the old law because the Notices of Determination were issued to Browder in early 2006. Nonetheless, this Court lacks jurisdiction because the Notices involve Browder's liability to pay income taxes. Under the old law, Notices involving income taxes fell under the Tax Court's side of the jurisdictional ledger. Accordingly, the Court will, in a separate Order, DISMISS both cases, which Browder may refile in the Tax Court.

---

[1] See Pension Protection Act of 2006, Pub. L. No. 109-280, § 855(b), 120 Stat. 1019 (2006).

**I.     Background**

Before the IRS may levy on a taxpayer's property in order to collect delinquent taxes,[2] it must give the taxpayer a written Notice of Intent to Levy. 28 U.S.C. § 6330(a)(1). The Notice must include the amount of the unpaid tax and explain the procedures applicable to the levy. 26 U.S.C. § 6330(a)(3). The Notice triggers a thirty-day period within which the taxpayer may request a collections due process hearing before the IRS Office of Appeals. 26 U.S.C. § 6330(a)(2). The hearing "may, but is not required to, consist of a face-to-face meeting, one or more written or oral communications . . . or some combination thereof." 26 C.F.R. § 301.6330-1(d)(2). A request for a face-to-face meeting need not be granted if the taxpayer wishes only to raise irrelevant or frivolous issues concerning liability. Id.

After the hearing, the Office of Appeals issues a written Notice of Determination, in which it decides whether or not to sustain the levy. 26 C.F.R. § 301.6330-1(e)(3). The taxpayer may take an appeal. 26 U.S.C. § 6330(d)(1).

Browder apparently did not file income tax returns for 2001 and 2002. The IRS assessed the tax due, and, when Browder refused to pay, issued Notices of Intent to Levy. Browder timely requested a collections due process hearing for each tax year. Based on the written record, defendant Marian R. Ota ("Ota"), an Appeals Team Manager, issued final Notices of Determination sustaining the Notices of Intent to Levy.[3] Browder, who is pro se, filed the instant suits alleging

---

[2]     The income tax assessment process, which precedes the decision to levy, is described briefly in Singleton v. United States, 128 F.3d 833 (4th Cir. 1997).

[3]     On January 10, 2006, the Office of Appeals issued a Notice of Determination upholding an earlier decision to levy on Browder's property for $1,904.12 in delinquent income taxes for 2002. On March 21, 2006, the Office of Appeals issued a Notice upholding another decision to levy, this time for $2,163.81 in delinquent income taxes for 2001.

that Ota erred in her findings and failed to follow appropriate procedures. Ota moved to dismiss the cases, contending that this Court lacks subject matter jurisdiction.[4]

**II.     Standard**

In considering a Rule 12(b)(1) motion to dismiss in which the defendant challenges the veracity of the plaintiff's jurisdictional allegations, the Court may look beyond the complaint and determine if there are facts to support those allegations. See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). The trial court may consider "evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." Id.; see Star Scientific Inc. v. R.J. Reynolds Tobacco Co., 174 F. Supp. 2d 388, 392 (D. Md. 2001).[5] The plaintiff bears the burden of proving that subject matter jurisdiction exists. See Adams, 697 F.2d at 1219.

**III.    Analysis**

This Court has jurisdiction to review Notices of Determination issued before October 17, 2006 only "if the Tax Court does not have jurisdiction of the underlying tax liability."[6] Browder argues that this Court has jurisdiction, because the underlying tax liability is the employment tax. Employment

---

[4] Ota also argues that service of process was deficient and that Browder's claim with respect to her 2001 taxes is time-barred. The Court need not address these arguments because it finds that it lacks jurisdiction.

[5] "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen v. First Federal Savings & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977); see Adams, 697 F.2d at 1219 ("[T]he court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction.").

[6] 26 U.S.C. § 6330(d)(1)(B) (2002). As discussed above, new law is in effect for Notices issued on or after October 17, 2006. See Pension Protection Act of 2006, Pub. L. No. 109-280, § 855(b), 120 Stat. 1019 (2006).

taxes are outside the jurisdiction of the Tax Court.[7]  Ota, however, contends that the underlying tax liability is in actuality the income tax.  The Tax Court has exclusive jurisdiction over income taxes.[8]

Browder relies on a convoluted "tax-protester" interpretation of the federal tax code for her conclusion that this case concerns employment taxes.  She asserts that she and most other United States citizens are not subject to income taxes, because income tax laws apply only to non-resident aliens, artificial entities, foreign partners, and people who receive income from the Virgin Islands.  By the process of elimination, she concludes that the taxes at issue must be employment taxes.[9]  Other courts have rejected similar arguments.[10]

The Notices of Determination, which Browder attached to her complaints, plainly concern her failure to pay income taxes.[11]  Because the Tax Court has jurisdiction over income taxes, this Court cannot entertain Browder's complaints.

**IV.   Conclusion**

The Court will, by separate Order, DISMISS both cases.

Dated this 11th day of January, 2007.

/s/_____
Benson Everett Legg
Chief Judge

---

[7]   See 26 C.F.R. § 601.102(b)(2)(i).

[8]   See, e.g., Marino v. Brown, 357 F.3d 143 (1st Cir. 2003) (per curiam).

[9]   Pl.'s Brief in Opp. to Mot. to Dismiss, L-06-336, Docket No. 9.

[10]   See, e.g., Szopa v. United States, 453 F.3d 455 (7th Cir. 2006); Schroeder v. C.I.R., 84 T.C.M. (CCH) 141 (2002).

[11]   The Court may consider documents attached to the complaint in determining "whether the plaintiff can prove any set of facts in support of the claim." Durning v. First Boston, 815 F.2d 1265, 1267 (9th Cir. 1987).